J. F. RYAN, Appellant,

v.

Arthur Odell MARTIN, Appellee.

No. 3652.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1959.

Park Street, Walter Powell Gray, Hugh J. Fitzgerald, San Antonio, for appellant.

Donald Eastland, Bob Bullock, Hillsboro, for appellee.

WILSON, Justice.

Appellee's suit against appellant was for damages to his automobile, arising out of a collision. Appellant's contentions are that there is neither pleading nor evidence that repair costs were reasonable; that the court erred in overruling objections to the damage issue and rendering judgment on the jury's answer thereto.

█ Plaintiff went to trial on a pleading alleging difference in market value of his vehicle before and after the collision. Testimony of plaintiff relating to repairs was objected to and he filed a trial amendment alleging that as a result of the collision "plaintiff's automobile was damaged in the sum of $1055.43." No exception was presented, nor is complaint now made, as to the form of this pleading. In his motion for judgment non obstante veredicto, appellant, for the first time, asserted that there were no pleadings that any damage sustained by appellee "by way of repairs were fair, just and reasonable." This attack on the pleading came too late and is deemed to have been waived. Rules 90, 274, Texas Rules of Civil Procedure.

█ The damage issue inquired as to what sum "will reasonably and fairly compensate plaintiff for the property damage sustained to his automobile." The jury answered $900. The form of this issue is not complained of. The complaint is that "there was no showing of reasonableness" of repair costs "such as to warrant submission of any damage issue" or "support the jury finding as to damage." There was no objection to generality nor to failure of the issue to fix a measure of damage. No explanatory instruction was requested.

Since appellant consented to submission of the issue in this form, and since the evidence showed the nature and extent of the damages, together with two itemized estimates as to cost of repair from experienced repairmen, each in excess of the amount found by the jury, the points as presented are without merit. The issue, with appellant's acquiescence, did not restrict the jury to reasonable cost of repair.

Each of appellant's points, having been fully considered, is overruled.

Affirmed.